IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDWIN ALVAREZ ESTRADA, et al,

Plaintiffs,

v.

WILFREDO ALEMAÑY NORIEGA, et al,

Defendants.

CIVIL NO. 10-1065 (FAB/CVR)

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

Plaintiff Edwin Alvarez Estrada, together with co-plaintiffs Luis Ayala Quintana, Zulma Vázquez Toro, Rey Torres Echevarría, Luis Ramos Rodríguez (hereafter plaintiffs "Temporary/Irregular Employees" and/or "plaintiffs") and co-plaintiffs Gisel Betances De Jesús and Jose Rodríguez Ronda (hereafter plaintiffs "Permanent/Regular Employees") used to work at the Administración de Desarrollo Socio-Económico de la Familia ("ADSEF") and co-plaintiff Antonia Rodríguez Rivera, also a permanent employee, worked for Administración de Familias y Niños ("ADFAN"), within the Department of the Family of the Commonwealth of Puerto Rico. These plaintiffs filed a complaint against defendants on allegations that, upon a change in government administration after the general elections, the elected New Progressive Party ("NPP") administration, dismissed them from public employments because of their political affiliation. (Complaint, Docket No. 1).[1]

---

[1] Plaintiffs filed their claims under the First and Fourteenth Amendment of the United States Constitution, Title 28, United States Code Annotated, Sections 1331, 1343, and Title 42, United States Code, Section 1983, as well as pendent state claims under the Constitution of Puerto Rico and its Civil Rights Code, Art. 1802.

Defendants Yanitsia Irizarry Méndez, Esteban Pérez Ubieta, Mayra López Carrero, Wilfredo Alemañy Noriega and Wilfredo Maldonado García, filed a Motion for Judgment on the Pleadings arguing plaintiffs have failed to state a *prima facie* case of political discrimination under the First Amendment. Insofar as those plaintiffs who were irregular appointments, their services were terminated by January 31, 2009. As to the permanent or regular employees, they were dismissed as a result of implementation of Phase II of Puerto Rico law of March 9, 2009, entitled "Law Declaring a Fiscal State of Emergency and Establishing a Comprehensive Fiscal Stabilization Plan to Save Puerto Rico Credit" (known as Law No. 7). Judgment on the pleadings is being requested for plaintiffs' allegations are considered conclusory and lacking in factual foundation and for failure to plea sufficient facts for the Court to infer the general claim that in its implementation Law No. 7 was politically discriminatory. (Docket No. 28).

The record is devoid of any motion or response by plaintiffs in opposition to defendants' Motion for Judgment on the Pleadings. The parties have not consented to jurisdiction by a United States Magistrate Judge. The presiding District Judge referred to the undersigned the case for all pretrial proceedings, except the pretrial conference and trial, and for report and recommendation on all dispositive motions. (Docket No. 16).

**STANDARD FOR JUDGMENT ON THE PLEADINGS**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is treated much like a Rule 12(b)(6) motion to dismiss. *See* Pérez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008).

Hence, such judgment on the pleadings will issue upon a timely motion if the non-movant's factual allegations "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. " *Id*. (*quoting* Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). This inquiry extends only to the pleadings.  We read the facts in the light most favorable to the non-movant, granting all reasonable inferences in its favor. *See* Zipperer v. Raytheon Co., Inc., 493 F.3d 50, 53 (1st Cir. 2007); Gulf Coast Bank & Trust Co. v. Reder, 355 F.3d 35, 38 (1st Cir. 2004); *see also* Estate of Bennett v. Wainwright, 548 F.3d 155 (1st Cir. 2008) (claim therefore fails because the plaintiff has not met its pleading requirement of identifying the deprivation of a recognized life, liberty, or property interest that is cognizable under the Fourteenth Amendment).

Because a motion for judgment on the pleadings, like a motion to dismiss for failure to state a claim, involves some assessment of the merits, a Court of Appeals views the facts contained in the pleadings in the light most favorable to the party opposing the motion and draws all reasonable inferences in the plaintiff's favor. Rule 12(c) motion implicates the pleadings as a whole. *See* Aponte-Torres v. University of Puerto Rico, 445 F.3d 50, 55 (1st Cir. 2006); R.G. Fin. Corp. v. Vergara-Núñez 446 F.3d 178, 182 (1st Cir. 2006). The court may supplement the facts contained in the pleadings by considering documents fairly incorporated therein and facts susceptible to judicial notice. R.G. Fin. Corp., 446 F.3d at 182.

In reviewing a motion under Rule 12(c), as in reviewing a Rule 12(b)(6) motion, "we may consider documents the authenticity of which are not disputed by the parties; …

documents central to plaintiffs' claim; [and] documents sufficiently referred to in the complaint." *See* Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (under Rule 12(b)(6)). This is true even when the documents are incorporated into the movant's pleadings. Beddall v. State Street Bank and Trust Co., 137 F.3d 12, 17 (1st Cir. 1998) ("When, as now, a complaint's factual allegations are expressly linked to-and admittedly dependent upon-a document [offered by the movant] (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it ….)(citing Fudge v. Penthouse Int'l, Ltd., 840 F.2d 1012, 1015 (1st Cir. 1988)); *see also* Dirrane v. Brookline Police Dept., 315 F.3d 65, 69 n. 2 (1st Cir. 2002); Curran v. Cousins, 509 F.3d 36 (1st Cir. 2007).

## LEGAL ANALYSIS

Defendants are requesting judgment on the pleadings for, upon an examination of plaintiffs' claims, they have failed to state a claim upon which relief may be granted for failure to establish a *prima facie* case of political discrimination. Defendants submit there is a lack of factual allegations to support plaintiffs' claims that political affiliation was the reason for their employment termination in the public sector.

To this effect, we note the Court of Appeal for the First Circuit has recognized that "[t]he simple fact that a plaintiff's employment was prior to an election is insufficient to put the co-workers and employers on notice of his/her political inclinations. *See* Hatfield-Bermúdez v. Aldanondo-Rivera, 496 F.3d 51, 62 (1st Cir. 2007); Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 26 (1st Cir. 2006)

<u>Edwin Alvarez Estrada, et al., v. Wilfredo Alemañy-Noriega, et al</u>
Civil No. 10-1065 (FAB/CVR)
Report and Recommendation
Page No. 5

A plaintiff who claims he/she was a victim of political discrimination "may not prevail simply by asserting an inequity and tacking on the self-serving conclusion that the defendant was motivated by a discriminatory animus. It is the plaintiff who bears the initial burden of showing that political discrimination was the motivating factor in the adverse decision." *See* <u>Avilés-Martínez v. Monroig</u>, 963 F.2d 2, 5 (1st Cir. 1992) (plaintiff must make a fact-specific showing that a causal connection exists between the adverse treatment and plaintiff's political affiliation); <u>Mt. Healthy City Sch. Dist. Bd. v. Doyle</u>, 429 U.S. 274, 287, 97 S.Ct. 568 (1977). Only after plaintiff has established a *prima facie* case, the burden shifts to defendants who must establish that they would have taken the same action regardless of plaintiffs' political beliefs. *Id*. *See also* <u>Sánchez López v. Fuentes Pujols</u>, 375 F.3d 121, 131 (1st Cir. 2004).

The allegations presented in the Complaint as to all plaintiffs aver that, as a result of the general elections in the year 2008, there was a change of administration at all levels of the government of Puerto Rico. (Complaint ¶1). Since the beginning of the NPP administration, PDP employees [of the opposing political party] at the Department of the Family were notified they would be fired because of their political affiliation. (*Id*. ¶2).

**A. Co-plaintiffs Temporary/Irregular Employees.**

As to temporary/irregular employees, it is stated that, as soon as the new administration took power, through letter dated January 29, 2009, the ADFAN plaintiffs [temporay/irregular employees] were notified their irregular appointments would end on January 31, 2009. (Complaint ¶¶3, 4). At least one NPP affiliate with less seniority than most of them [temporary/irregular] was retained in the job. (*Id*. ¶8). All defendants

participated in the discriminatory implementation of Law No. 7 and/or were part of the discriminatory scheme by the beginning of 2009, when ADFAN irregular employees were illegally dismissed. (Complaint ¶29).

To prevail in a Section 1983 claim of a civil rights violation, a plaintiff has to demonstrate defendants deprived him/her of his/her federal constitutional rights, privileges or immunities, while acting under color of state law. *See* Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 32 (1st Cir. 1996). In order to establish a *prima facie* case of political discrimination pursuant to said Section 1983, a plaintiff needs to establish he/she engaged in a constitutionally protected conduct and this conduct was the motivating factor in the adverse action. *Id*. See González-De-Blasini v. Family Department, 377 F.3d 81, 85 (1st Cir. 2004); Mt. Healthy City Sch. Dist. Bd. v. Doyle, 429 U.S. at 287, 97 S.Ct. at 568. Furthermore, plaintiff must demonstrate a causal relation between defendant's conduct and plaintiffs' political beliefs. *See* LaRou v. Ridlon, 98 F.3d 659, 663 (1st Cir. 1996). That is, "[t]he plaintiff must point 'to evidence on the record which, if credited, would permit a rational finder to conclude that the challenged personnel action occurred and stemmed from a politically based discriminatory animus." González-De-Blasini v. Family Department 377 F.3d at 85 quoting LaRou v. Ridlon, 98 F.3d at 661 quoting Rivera-Cotto v. Rivera, 38 F.3d 611, 614 (1st Cir. 1994).

Although circumstantial evidence may be sufficient to support a finding of political discrimination, plaintiffs must make a fact specific showing that a causal connection exists between the adverse treatment and their political affiliation. *See* Avilés-Martínez v. Monroig, 963 F.2d at 5 (treatment of employee by supervisor showed only poor

management and rude treatment but not political animus). *See* Cruz-Baez v. Negrón-Irizarry, 360 F.Supp.2d 326, 338-339 (D. Puerto Rico 2005). Such would be the appropriate criteria at summary judgment but at the level of a motion on the pleadings the allegations of the complaint are less stringently examined.

There is no heightened pleading standard or a more demanding rule for pleading a complaint under Section 1983. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992 (2002); Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 167-68, 113 S.Ct. 1160 (1993); Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61 (1st Cir. 2004). At the level of a complaint, similar to a motion to dismiss under Rule of Civ. Proc. 12(c), to survive a judgment on the pleadings would require plaintiff to plead enough for a necessary inference to be reasonably drawn, in this case, a violation to Section 1983. Marrero-Gutiérrez v. Molina, 491 F.3d 1 (1st Cir. 2007); Torres-Viera v. Laboy Alvarado, 311 F.3d 105, 108 (1st Cir. 2002).

Insofar as those temporary/irregular employees, the complaint solely states that, upon a change in the government administration after the general elections, they all received notice of termination of their temporary contracts by January 2009. The allegations of discrimination refer solely to a claim, without any factual submission.

Merely juxtaposing being a member, not even an active member, of a political party different to the one alleged for the defendants, standing alone, is considered insufficient to create a causal link between their actions and a politically discriminatory animus in employment. Bell Atlantic Corp., 550 U.S. at 544, 127 S.Ct. at 1966, Padilla García, 212 F.3d at 74.

Edwin Alvarez Estrada, et al., v. Wilfredo Alemañy-Noriega, et al
Civil No. 10-1065 (FAB/CVR)
Report and Recommendation
Page No. 8

In order to survive a motion to dismiss, as a judgment on the pleadings, plaintiffs need not establish a *prima facie* case but need to meet their burden under within the caveat of the discussion in Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937 (2009) (citing Bell Atlantic, 550 U.S. at 544, 127 S.Ct. at 1965 ).[2] Accordingly, a complaint does not have to state "detailed factual allegations" but it has to indicate "more than an unadorned, the-defendant-unlawfully-harmed-me accusation". *See* Iqbal, citing to Bell Atlantic, 550 U.S. at 555, 127 S.Ct. at 1965

It is evident from the pleadings, at least as to the transitory or temporary employees, that they have failed to meet their *prima facie* case. In view of the foregoing, plaintiffs Edwin Alvarez Estrada, Luis Ayala Quintana, Zulma Vázquez Toro, Rey Torres Echevarria, Luis Ramos Rodríguez have failed to establish a *prima facie* case of employment discrimination and/or make sufficient pleadings to pass muster as to co-defendants' request for judgment on the pleadings.

**B. Co-plaintiffs Permanent/Regular Employees.**

Insofar as the permanent/regular employees, the complaint submits they were dismissed from their jobs as a result of Phase II of the implementation of Law No. 7. (Complaint ¶11). These permanent/regular employees were not notified of all employees' seniority, thus making the notification improper as it denied them the right to review their ranking among all other employees. These employees' seniority was not updated up to the time of the effective date of the dismissal, making the seniority evaluation defective. (*Id*.

---

[2] Even the contours of *prima facie* case of employment discrimination are flexible and situation-specific.

¶¶ 14, 15). Plaintiffs aver that, in its application Law No. 7 has been discriminatory. (*Id*. ¶18). NPP affiliates had been brought to work after dismissal of plaintiffs either by reclassification, transfers, demotions and other personnel actions. (*Id*. ¶19). The local office Directors instructed by [defendant] Wilfredo Alemañy [the Secretary of the Family] began to make lists of all employees who were identified with the PDP and had to be fired. (*Id*. ¶ 23). On June 12, 2009, Wilfredo Alemañy met with several NPP employees of the Lamas Office to discuss the lay-offs. (*Id*. ¶25). Wilfredo Alemañy harassed employees who had been notified of their dismissal by making fun of them asking "hey, didn't I fire you already?" (*Id*. ¶26). Around January or February 2009, Alemañy requested an employee of the Department of the Family, Meleagris Del Rhos, to prepare a list of all personnel who were not members of the NPP. When she refused, the list was prepared by Wanda Pabón. (*Id*. ¶27). Alemañy prepared a letter to Human Resources informing which positions he wanted to be eliminated. (*Id*. ¶28). Plaintiffs claim they were intentionally discriminated against due to their perceived affiliation to the PDP and/or because they were not affiliated with the NPP. (*Id*. ¶31).

Insofar as co-plaintiffs who held permanent/regular employment, Gisel Betances De Jesús, José Rodríguez Ronda and Antonia Rodríguez Rivera, the complaint submits more information than a general allegation of discrimination. There is a general claim providing basis as to defendants being identified with the newly elected NPP political party and that in the agency where plaintiffs worked lists were prepared to identify those employees who belonged to the opposing party PDP, thus making a claim of a politically charged atmosphere in the state agency from which indirect political decisions in employment may

be substantiated.[3]   Some words were also uttered by the head of the agency and the nominating authority as to this political party awareness, attributed precisely to the Secretary of the Family, defendant Alemañy, as to the dismissal of those who had been notified. In addition, plaintiffs who were permanent/regular employees stated not having received information as to their seniority nor that their seniority was updated at the time of the dismissal, which would substantiate the reasons for receiving notice of dismissal under Law No. 7 being politically motivated.  These plaintiffs also contend others with less seniority and who belonged to the governing party, were retained in employment.

Thus, we opine plaintiffs Gisel Betances De Jesús, José Rodríguez Ronda and Antonia Rodríguez Rivera have met their *prima* facie case.

## CONCLUSION

In view of the above discussed, it is recommended defendants' "Motion for Judgment on the Pleadings" (Docket No. 28) be GRANTED in PART and DENIED in PART as follows:

- Judgment on the pleadings be GRANTED as to plaintiffs Edwin Alvarez Estrada, Luis Ayala Quintana, Zulma Vázquez Toro, Rey Torres Echevarria, Luis Ramos Rodríguez.

- Judgment of the pleadings be DENIED as to plaintiffs Gisel Betances De Jesús, José Rodríguez Ronda and Antonia Rodríguez Rivera.

---

[3] Evidence of a highly charged political environment with the parties' competing political persuasions may be sufficient to show discriminatory animus, especially where a plaintiff was a conspicuous target for political discrimination. Juarbe-Vélez v. Soto Santiago, 558 F.Supp.2d 187 (D. Puerto Rico 2008).

Edwin Alvarez Estrada, et al., v. Wilfredo Alemañy-Noriega, et al
Civil No. 10-1065 (FAB/CVR)
Report and Recommendation
Page No. 11

IT IS SO RECOMMENDED.

The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim P. 59 (b)(2). *See also* Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

San Juan, Puerto Rico, this 25th day of May of 2011.

                                              s/CAMILLE L. VELEZ-RIVE
                                              CAMILLE L. VELEZ-RIVE
                                              UNITED STATES MAGISTRATE JUDGE