IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EDWIN ALVAREZ-ESTRADA, *et al.*,<br><br>**Plaintiffs**,<br><br>v.<br><br>WILFREDO ALEMAÑY-NORIEGA, *et al.*,<br><br>**Defendants**. | CIVIL NO. 10-1065 (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is defendants' motion for judgment of the pleadings, (Docket No. 28), and the report and recommendation, (Docket No. 35), regarding that motion. After making an independent examination of the record in this case and considering the arguments raised in defendants' objection to the report and recommendation, (Docket No. 39), the Court **ADOPTS IN PART AND REJECTS IN PART** the magistrate judge's findings and recommendations as the opinion of the Court and **GRANTS IN PART AND DENIES IN PART** the motion for judgment on the pleadings, (Docket No. 28).

**DISCUSSION**

**I.   BACKGROUND**

   **A.   Procedural Background**

   On January 28, 2010, plaintiffs Edwin Alvarez-Estrada ("Alvarez"), Luis Ayala-Quintana ("Ayala"), Gisel Betances-de Jesus ("Betances"), Luis Ramos-Rodriguez ("Ramos"), Jose Rodriguez-Ronda

Civil No. 10-1065 (FAB)                                                          2

("Rodriguez"), Rey Torres-Echevarria ("Torres"), Zulma Vazquez-Toro ("Vazquez"), and Antonia Rodriguez-Rivera ("Rodriguez-Rivera") filed a complaint alleging claims of political discrimination pursuant to 42 U.S.C. § 1983. (Docket No. 1.) The complaint names several Puerto Rico government officials as defendants, including Wilfredo Alemañy-Noriega ("Alemañy"), Mayra Lopez-Carrero ("Lopez"), Yanitsia Irizarry-Mendez ("Irizarry"), Esteban Perez-Ubieta ("Perez"), and Wilfredo Maldonado ("Maldonado"). Id. On April 8, 2011, defendants filed a motion for judgment on the pleadings, arguing that the complaint lacks sufficient factual allegations to "state a *prima facie* case of political discrimination under the First Amendment." (Docket No. 28.) Plaintiffs filed no opposition to that motion.

Pursuant to a referral order issued by the Court, Magistrate Judge Camille Velez-Rive filed a report and recommendation with regard to the motion for judgment on the pleadings on May 25, 2011. (See Docket Nos. 16 & 35.) The magistrate judge recommends that the motion be granted in part and denied in part, finding dismissal appropriate only with regard to the claims brought by Alvarez, Ayala, Vazquez, Torres, and Ramos. Id. With regard to the remaining plaintiffs, the magistrate judge found that the complaint contained specific factual allegations which would allow their political discrimination claims to survive defendants' motion. Id. at 9-10. On May 31, 2011, defendants

Civil No. 10-1065 (FAB) 3
_____

filed an objection to the report and recommendation, challenging only the magistrate judge's conclusion that judgment on the pleadings should be denied with regard to some of the plaintiffs. (Docket No. 39.) On June 7, 2011, plaintiffs filed an objection to the report and recommendation despite having chosen not to oppose the original motion presented to the magistrate judge for consideration. (Docket No. 41.)

### B. Plaintiffs' Waiver of Objection to Report and Recommendation

As noted above, plaintiffs failed to oppose the motion for judgment on the pleadings, instead reserving arguments on the merits of that motion for their objection to the report and recommendation. (See Docket No. 41.) Even had the motion never been referred to a magistrate judge, it is clear that "[a] party's failure . . . to timely oppose a motion in the district court constitutes forfeiture." Crispin-Taveras v. Municipality of Carolina, ___ F.3d ___, Nos. 09-2625, 09-2626, 2011 WL 2027970, at *5 (1st Cir. May 25, 2011) (citing Rivera-Torres v. Ortiz-Velez, 341 F.3d 86, 102 (1st Cir. 2003)). Furthermore, the Local Rules of the District of Puerto Rico expressly state that by failing to file a timely opposition to a motion, "the opposing party shall be deemed to have waived objection." D.P.R.Civ.R. 7(b).

Although 28 U.S.C. § 636(b)(1)(C) gives parties the right to *de novo* review to specific parts of reports and recommendations to which they properly object, those parties are "not entitled to

Civil No. 10-1065 (FAB)                                                    4

a de novo review of an argument never raised." See Borden v. Sec'y. of Health and Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); 28 U.S.C. § 636(b)(1)(C).  Allowing parties to sit on their hands until after a magistrate judge has issued a report and recommendation would severely undermine the utility, and the purpose, of referring motions to magistrate judges. See id. Thus, "parties must take before the magistrate [judge], 'not only their best shot but all of their shots.'"  Id. (quoting Singh v. Superintending Sch. Comm., 593 F. Supp. 1315, 1318 (D.Me. 1984)). Given plaintiffs' failure to oppose the motion for judgment on the pleadings properly, they have consequently passed on any opportunity to present substantive arguments regarding that motion. See id.; Crispin-Taveras, 2011 WL 2027970, at *5; D.P.R.Civ.R. 7(b).  Accordingly, the arguments presented in their objection to the report and recommendation will not be considered by the Court in this opinion and order.

    **C.  Factual Background**

There being no proper objection to the magistrate judge's conclusion that the claims of Alvarez, Ayala, Vazquez, Torres, and Ramos should be dismissed, the following factual backgrounded is limited to factual allegations related to claims brought by Betances, Rodriguez, and Rodriguez-Rivera.

Prior to their termination, Betances, Rodriguez, and Rodriguez-Rivera, all affiliated with the Popular Democratic Party

Civil No. 10-1065 (FAB)                                                  5

("PDP"), were permanent employees of different agencies within the Department of the Family of the Commonwealth of Puerto Rico ("Department").  (Docket No. 1 at ¶ 7.)  Alemañy, affiliated with the New Progressive Party ("NPP"), was a Regional Director of that Department.  See id.  Betances, Rodriguez, and Rodriguez-Rivera were dismissed during the implementation of Puerto Rico Law 7 ("Law 7"), the goal of which was to reduce the public workforce employed by the Commonwealth of Puerto Rico as a means of addressing a fiscal crisis.  See id. at ¶¶ 11-13; (Docket No. 28-1 at 1-4.) Betances, Rodriguez, and Rodriguez-Rivera aver that although Law 7 was intended to be facially neutral as to which employees should be discharged, its application was discriminatory against persons who were affiliated with the opposition to the current NPP administration, the PDP.  (Docket No. 1 at ¶¶ 18-19.)

Prior to the dismissal of Betances, Rodriguez, and Rodriguez-Rivera, Alemañy instructed local office directors to make lists of all employees who were identified with the PDP for the purpose of terminating those who were so identified.  Id. at ¶ 23. Alemañy also met with several NPP employees to discuss the impending lay-offs necessitated by Law 7.  Id. at ¶ 25.  Around January or February of 2009, Alemañy requested a Department employee to prepare a list of all personnel who were not members of the NPP.  Id. at ¶ 27.  Using that list, Alemañy prepared a letter to the human resources department in which he identified the

Civil No. 10-1065 (FAB)                                                     6

positions he wished to eliminate in an effort to discriminate against PDP-affiliated employees. Id. at ¶ 28. After employees were formally selected for termination pursuant to Law 7, Alemañy harassed them, specifically asking those employees, "hey, didn't I fire you already?" Id. at ¶ 26.

**II.  Legal Analysis**

   **A.   Standard under 28 U.S.C. § 636(b)(1)**

A district court may refer, *inter alia*, "a motion . . . for judgment on the pleadings" to a magistrate judge for a report and recommendation. See 28 U.S.C. §636(b)(1)(A)-(B); Fed.R.Civ.P. 72(b); Loc. Rule 72(a). Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. See 28 U.S.C. §636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)). Failure to comply with this rule precludes further review. See Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992). In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636 (a)(b)(1). Templeman v. Chris Craft Corp., 770 F.2d

Civil No. 10-1065 (FAB)                                                  7

245, 247 (1st Cir. 1985); Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003). Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object. See Hernandez-Mejias, 428 F.Supp.2d at 6 (citing Lacedra, 334 F.Supp.2d at 125-126).

    **B.**    **Federal Rule of Civil Procedure 12(c) Standard**

"A motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss." Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008) (citing Curran v. Cousins, 509 F.3d 36, 43-44 (1st Cir. 2007)). When considering a motion under Federal Rule of Civil Procedure 12(c) ("Rule 12(c)"), a "'court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom . . . .'" Id. (quoting R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006)). "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernandez v. Fortuño-Burset, ___ F.3d ___, No. 09-2207, 2011 WL 1228768, at *8 (1st Cir. April 1, 2011).

When faced with a motion for judgment on the pleadings, "[a] plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." Id. at *9 (quoting Ashcroft v. Iqbal, ___ U.S. ___, 129

S.Ct. 1937, 1950 (2009)). Any "[n]on-conclusory factual allegations in the complaint [, however,] must . . . be treated as true, even if seemingly incredible." Id. (citing Iqbal, 129 S.Ct. at 1951). Where those factual allegations "'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility. Id. (citing Iqbal, 129 S.Ct. at 1949).

### C. Defendants' Objections

Defendants object specifically to the magistrate judge's conclusion that the complaint contains sufficient factual allegations to state plausible political discrimination claims pursuant to 42 U.S.C. § 1983.[1] (Docket No. 39 at 1-2.) "An actionable claim of political discrimination consists of four elements: (1) that the plaintiff and defendant have opposing political affiliations, (2) that the defendant is aware of the plaintiff's affiliation, (3) that an adverse employment action occurred, and (4) that political affiliation was a substantial factor for the adverse employment action." Ocasio-Hernandez, 2011

---

[1] Neither defendants nor plaintiffs properly object to the magistrate judge's conclusion regarding the claims of Alvarez, Ayala, Vazquez, Torres, and Ramos. Having independently examined the record in this case, the motion for judgment on the pleadings, and the report and recommendation, the Court **ADOPTS** that conclusion as its own opinion. Apart from their specific objections to the report and recommendation, defendants also address due process claims pursuant to the Fourteenth Amendment. (Docket No. 39 at 6-8.) No such claim, however, appears in the complaint. (See Docket No. 1.) Accordingly, the Court need not discuss defendants' arguments to that effect.

Civil No. 10-1065 (FAB)                                                9

WL 1228768, at *10 (citing Lamboy-Ortiz v. Ortiz-Velez, 630 F.3d 228, 239 (1st Cir. 2010)).  Defendants argue that the complaint's allegations are lacking with regard to all but the third element of a political discrimination claim.  (Docket No. 39 at 2.)

Having examined the factual allegations in the complaint, the Court finds that defendants are correct except with regard to plaintiffs Betances', Rodriguez's and Rodriguez-Rivera's claims against Alemañy.  (See Docket No. 1.)  As recognized by the magistrate judge, there are specific, non-conclusory allegations in the complaint indicating that:  (1) Alemañy is affiliated with the NPP, while plaintiffs are affiliated with the PDP, (Docket No. 1 at ¶ 24); (2) Alemañy ordered lists to be compiled of all personnel affiliated with the NPP[2], id. at ¶ 23, 27; (3) plaintiffs were discharged, id. at ¶ 11; and (4) Alemañy used the lists of PDP employees to prepare a letter to the human resources department for the purpose for of firing those employees, id. at ¶ 28.  (See Docket No. 35 at 8-10.)  Those factual allegations, combined with others stating that Alemañy discussed the Law 7 terminations with other NPP-affiliated employees and harassed those employees who had

---

[2] Defendants claim that although plaintiffs allege that Alemañy had knowledge of the political affiliation through the preparation of these lists, plaintiffs fail to illustrate specifically how the lists were prepared.  (Docket No. 28 at 5.) This argument demands a "level of specificity" that is not required at this stage of the proceedings.  See Ocasio-Hernandez, 2011 WL 1228768, at *11.  As noted above, the complaint contains discrete factual allegations which make Alemañy's alleged knowledge of remaining plaintiffs' political affiliation plausible.

Civil No. 10-1065 (FAB)                                              10

been selected for termination, create a facially plausible claim of political discrimination pursuant to 42 U.S.C. § 1983 against Alemañy.[3]  See Ocasio-Hernandez, 2011 WL 1228768, at *10-16. Accordingly, the report and recommendation is **ADOPTED** with respect to its conclusion that Betances, Rodriguez, and Rodriguez-Rivera have stated actionable political discrimination claims against Alemañy.

With regard to all other defendants, the complaint is remarkably silent.  (See Docket No. 1.)  The First Circuit Court of Appeals has held that in the context of political employment discrimination claims, "*each* defendant's role in the termination decision must be sufficiently alleged to make him or her a plausible defendant."  Ocasio-Hernandez, 2011 WL 1228768, at *13 (emphasis in original).  Other than initially naming and identifying those individuals, the complaint is devoid of factual allegations regarding any action or knowledge on their part with respect to the political affiliation or discharge of Betances, Rodriguez, and Rodriguez-Rivera.  See id.  Given the utter failure to make specific factual allegations against defendants other than

---

[3] Defendants argue that "an inference of discriminatory intent in the implementation or application of Law 7 is unreasonable and implausible" in light of a recent Puerto Rico Supreme Court Decision, Dominguez Castro v. Estado Libre Asociado de P.R., 178 P.R. Dec. 1 (P.R. 2010), which held Law 7's statutory scheme to be constitutional.  (See Docket No. 28 at 4; Docket No. 28-1.)  That decision's approval of Law 7's abstract structure, however, does not necessarily preclude an action based on alleged discrimination in the actual application of that legislation.

Alemañy, any claim by the plaintiffs against those defendants cannot survive.  Accordingly, insofar as the report and recommendation could be read to find viable section 1983 claims against Lopez, Irizarry, Perez, and Maldonado, it is **REJECTED** and those claims are **DISMISSED WITH PREJUDICE.**

### III. Conclusion

The Court has considered the defendants' objections and made an independent examination of the record in this case.  Having done so, the magistrate judge's findings and recommendations are **ADOPTED IN PART AND REJECTED IN PART**.  Those findings and recommendations are **ADOPTED** with regard to the claims brought by Alvarez, Ayala, Vazquez, Torres, and Ramos, as well as the claims brought by Betances, Rodriguez, and Rodriguez-Rivera against Alemañy.  They are **REJECTED** with regard to the claims brought by Betances, Rodriguez, and Rodriguez-Rivera against all other defendants.

Accordingly, defendants' motion for judgment on the pleadings, (Docket No. 28), is **GRANTED IN PART AND DENIED IN PART**.  The motion is **DENIED** with regard to the political discrimination claims brought by Betances, Rodriguez, and Rodriguez-Rivera against Alemañy.  It is **GRANTED** with regard to all other claims in the complaint, which are **DISMISSED WITH PREJUDICE.**

In short, the only claims remaining in this case are the claims of plaintiffs Gisel Betances-de Jesus, Jose Rodriguez-Ronda

Civil No. 10-1065 (FAB)                                                    12

and Antonia Rodriguez-Rivera against defendant Wilfredo Alemañy-Noriega.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 8, 2011.

                                    s/ Francisco A. Besosa
                                    FRANCISCO A. BESOSA
                                    UNITED STATES DISTRICT JUDGE