IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDWIN ALVAREZ ESTRADA, et al,

Plaintiffs,

v.                                                    CIVIL NO. 10-1065 (FAB/CVR)

WILFREDO ALEMAÑY NORIEGA, et al,

Defendants.

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

Plaintiffs Edwin Alvarez Estrada, Luis Ayala Quintana, Zulma Vázquez Toro, Rey Torres Echevarría, Luis Ramos Rodríguez, Gisel Betances de Jesús, Jose Rodríguez Ronda and Antonia Rodríguez Rivera filed a complaint against defendants on allegations of political discrimination in employment.  (Complaint, Docket No. 1).[1]

Defendants Yanitsia Irizarry Méndez, Esteban Pérez Ubieta, Mayra López Carrero, Wilfredo Alemañy Noriega and Wilfredo Maldonado García formerly filed a Motion for Judgment on the Pleadings (Docket No. 28) which was entertained by the undersigned in a separate Report and Recommendation. (Docket No. 35).  The Court issued an Opinion and Order on the Judgment on the Pleadings in which it already disposed of certain claims and actions as to some of the co-defendants.  (Docket No. 42).

As per the Court's Opinion and Order referred above, the only claims remaining in this case are those of plaintiffs Gisel Betances de Jesus, José Rodríguez Ronda and Antonia

---

[1]  Plaintiffs filed their claims under the First and Fourteenth Amendment of the United States Constitution, Title 28, United States Code Annotated, Sections 1331, 1343, and Title 42, United States Code, Section 1983, as well as pendent state claims under the Constitution of Puerto Rico and its Civil Rights Code, Art. 1802.

Rodríguez Rivera against defendant Wilfredo Alemañy-Noriega (hereafter "co-defendant Alemañy-Noriega").

On May 27, 2011, several co-defendants (including co-defendant Alemañy-Noriega) had filed a "Motion for Summary Judgment" with its corresponding statement of uncontested facts.  Defendant Alemañy-Noriega's submission for summary judgment to be entered on his behalf is commingled with other co-defendants no longer parties to this pending motion, and the statement of undisputed facts.  (Docket Nos. 36 and 37).  As such, defendants' Motion for Summary Judgment which is pending before this United States Magistrate Judge, upon being referred by the presiding District Judge, will only address the claims of co-defendant Alemañy-Noriega. Plaintiffs have not filed a response and/or opposition to summary disposition, except for an extension of time that was denied and expired some time ago.[2]  (Docket Nos. 45 and 46).  Although the thirty-day (30) requested extension of time to response was denied, plaintiffs were still on time to submit their opposition from the time the certified translation of exhibits were submitted in support of defendant's motion for summary judgment.  (Docket Nos. 43 and 45).

In the absence of a response by plaintiffs, remaining defendant Alemañy-Noriega's Motion for Summary Judgment and the statement of material facts are considered uncontested.  An opposing party who fails to submit a written objection and memorandum

---

[2]  Only in rare cases has the Court of Appeals for the First Circuit found a district court has abuse its discretion in refusing to grant an extension of time.  Pérez-Cordero v. Wal-Mart Puerto Rico, 440 F.3d 531, 534 (1st Cir. 2006).  See Cortés-Rivera v. Dept. of Corrections, 626 F.3d 21, 25 (1st Cir. 2010).

as required by the applicable rule, and the local rules in this case as well, waives right to controvert facts asserted by moving party in its motion for summary judgment and supporting materials accompanying same.

In the present case, plaintiffs failed to timely respond to defendant's request for summary disposition.  As such, the court must then accept as true all material facts supported by moving party with appropriate record support.  Nevertheless, even when no opposition to summary judgment is filed, only if the facts accepted establish a moving party is entitled to judgment as a matter of law, that is, if summary judgment is appropriate, will the moving party's request for summary adjudication be granted.[3]

### STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).[4]

---

[3]  A plaintiff's failure to file timely opposition to summary judgment motion did not require that the summary judgment be affirmed. *See* Carmona v. Toledo, 215 F.3d 124 (1st Cir. 2000).  The language of Fed.R.Civil P. 56(e) does not mean that a moving party is automatically entitled to summary judgment if the opposing party does not respond. De La Vega v. San Juan Star, Inc., 377 F.3d 111, 115 (1st Cir. 2004).

[4]  On April 28, 2010, the Supreme Court of the United States approved amendments to Federal Rule of Civil Procedure 56, effective December 1, 2010.  The standard for granting summary judgment remains unchanged. The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law. The amendments will not affect continuing development of the decisional law construing and applying these phrases.  *See* Ophthalmic Surgeons, Ltd. v. Paychecx, Inc., 632 F.3d 31 (1st Cir. 2011).

Pursuant to the language of the applicable rule, as amended in 2010, the party bears the two-fold burden of showing that there is "no genuinely disputed." issues of fact. The party may also sow that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997) (the standards for granting summary judgment remains unchanged under the 2010 amendments).

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if it potentially could affect the outcome of the suit. *Id.* Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Id.*

At all times during consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood . . . ." Greenburg v. Puerto Rico Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). In fact, "[o]nly if the record, viewed in [this] manner and without regard to credibility

determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997).

## FINDINGS OF FACT

In relation to co-defendant Alemañy-Noriega's request for summary judgment, the pertinent issues of undisputed material fact as to the claims that have survived judgment on the pleadings reflect that:

1.   On July 31, 2008, plaintiff José J. Rodríguez Ronda was appointed in a probationary position as Office Clerk I, to the Department of the Family ("ADSEF" by its Spanish acronym). *Exhibit 3, notice of appointment, items 1, 3, 9, and 11.  (Deft's Uncontested ¶3).*

2. On April 23, 2009, José J. Rodríguez Ronda was notified that his total seniority in employment as Office Clerk I was seven (7) months and six (6) days pursuant to Law 7 of March 9, 2009 and the Circular Letter 2009-02 issued by the "Junta de Reestructuración y Estabilización Fiscal" ("JREF" by its Spanish acronym) on April 3, 2009. Plaintiff Rodríguez Ronda did not challenge the seniority notified. *Exhibit 4, page 1, letter of April 23, 2009, date and paragraph 1; page 2, certification, paragraph 1.  (Deft's Uncontested ¶4).*

3. On May 29, 2009, plaintiff José J. Rodríguez Ronda was notified that, pursuant to Law 7 of March 9, 2009, and in accordance with the seniority order set by the JREF, he would be laid off on July 10, 2009, from the position classified as Office Clerk I. *Exhibit 5, page 1, date and paragraph 1. (Deft's Uncontested ¶5).*

4.   On July 18, 2008, plaintiff Gisel Betances de Jesus was appointed in a probationary position as Assistant of Office System I to the Department of the Family in ADSEF. *Exhibit 6, notice of appointment, items 1, 3, 9 and 11. (Deft's Uncontested ¶6).*

5.   On April 23, 2009, Gisel Betances de Jesus was notified that her total seniority in the employment was seven (7) months and nineteen (19) days pursuant to Law 7 of March 9, 2009 and the Circular Letter 2009-02 issued by the JREF on April 3, 2009. Plaintiff Betances de Jesus did not challenge the seniority notified. *Exhibit 7, page 1, letter of April 23, 2009, date and paragraph 1; page 2, certification, paragraph 1. (Deft's Uncontested ¶7).*

6. On May 29, 2009, plaintiff Gisel Betances de Jesus was notified that, pursuant to Law 7 of March 9, 2009, and in accordance with the seniority order set by the JREF, she would be laid off on July 10, 2009 from the position classified as Assistant of Office System I. *Exhibit 8, page 1, date and paragraph 1. (Deft's Uncontested ¶8).*

7. On September 4, 2009, plaintiff Antonia Rodríguez Rivera was laid off pursuant to Law 7 of March 9, 2009 from her position as Assistant of Services in the Department of the Family, Administration of Families and Children ("ADFAN" by its Spanish acronym). *Exhibit 9, change report, page 1, items 3, 4, 5, 11, 32 and 36. (Deft's Uncontested ¶9).*

8. On October 18, 2010, arbitrator Sergio Domínguez Vázquez issued an arbitration award ordering the reinstatement of plaintiff Antonia Rodríguez Rivera to a position of Assistant of Services, because on April 27, 2010, the Executive Director of the JREF notified through letter to Hon. Yanitsia Irizarry Méndez that the position of Assistant of Services will be excluded from the application of Law 7. The arbitration award also ordered the

payment of all salaries and benefits to which plaintiff Rodríguez Rivera was entitled. *Exhibit 10, arbitration award, page 1; page 2 (subpart III, 3 facts); page 5, paragraph 6; page 6, paragraphs 1, 2, 4 (award) and date of notification at the bottom of page 6. (Deft's Uncontested ¶10).*

9. Accordingly, on November 16, 2010, plaintiff Antonia Rodríguez Rivera was reinstated effective September 5, 2009, to the position of Assistant of Services in the Department of the Family in ADFAN. *Exhibit 11, page 1, ¶ 1; page 2, change report, items 3, 4, 5, 11, 25, 27 (reinstatement) and 36. (Deft's Uncontested ¶11).*

10. As of April 17, 2009, plaintiff Antonia Rodríguez Rivera had nine (9) months and eighteen (18) days in her job as Assistant of Services. *Exhibit 12, letter of June 19, 2009, ¶ 1. (Deft's Uncontested 12).*

## LEGAL ANALYSIS

When discussing the application of above uncontested findings of facts to the motion for summary disposition of plaintiffs' claims, co-defendant Alemañy-Noriega submits that plaintiffs José J. Rodríguez Ronda and Gisel Betances de Jesus had been employed with the Department of the Family in ADSEF for a little bit more than seven (7) months. *See Deft's Uncontested ¶¶ 3, 4, 6 and 7.*

As such, defendant Alemañy-Noriega submits that, with the implementation of Law 7 of March 9, 2009, 3 LPRA § 8791 *et seq.*, these plaintiffs were dismissed by defendant or the employer on July 10, 2009. *Deft's Uncontested ¶¶5 and 8.*  Defendant further contends in its memorandum that the Commonwealth's Supreme Court has already found that "the dismissals authorized by Act No. 7 are ruled solely and exclusively by the seniority

criterion." Domínguez-Castro v. Government of the Commonwealth of Puerto Rico, 2010 TSPR 11. *See Opinion by the Commonwealth's Supreme Court at Docket No. 28-1.*

Thus, defendant Alemañy-Noriega argues that, even assuming for purposes of argumentation that these plaintiffs have a *prima facie* case of political discrimination, which defendant claims plaintiffs do not have, defendant would have terminated them, i.e. taken the same action, regardless of plaintiffs' political beliefs. What is more, defendant would have taken the same action for reasons that are not unconstitutional, inasmuch as the employment decision was based on Law 7.

According to defendant, plaintiff Antonia Rodríguez Rivera had been on the job as Assistant of Services for only nine (9) months and eighteen (18) days. *Deft's Uncontested ¶12*. Hence, according to defendant, she was laid off pursuant to Law 7 due to her seniority in the agency as determined by Law 7. *Id. ¶ 9*. However, the position she occupied within the agency, Assistant of Services, was excluded from the application of Law 7 on April 27, 2010, by a letter issued by the Executive Director of the JREF. *Id. ¶ 10*. So, as of September 4, 2009, date when plaintiff Rodriguez Rivera was laid off from her job pursuant to Law 7, the position of Assistant of Services had not yet been excluded, yet. *Deft's Uncontested¶ 9*. It was excluded afterwards, on April 27, 2010. *Deft's Uncontested ¶10*. Accordingly, plaintiff Rodríguez Rivera was reinstated to her position effective September 5, 2009, and the agency was ordered to pay her all the salaries and benefits to which she was entitled while being laid off. *Defendant's Uncontested ¶¶ 10, 11*. Hence, according to defendant, she was made whole.

Edwin Alvarez Estrada, et al., v. Wilfredo Alemañy-Noriega, et al
Civil No. 10-1065 (FAB/CVR)
Report and Recommendation
Page No. 9

Likewise, defendant submits the same situation happened with the terminations of plaintiffs Rodríguez Ronda and Betances de Jesus. Therefore, defendant claims there was no discriminatory intent on his part.  In the case of plaintiff Rodríguez Rivera,  once the position she held was excluded from the application of Law 7, plaintiff Rodriguez Rivera was reinstated to the position.  Defendant, however, fails to argue that plaintiff Rodríguez Rivera had to resort to arbitration in order for defendant to properly apply the Law 7 guideline.

Thus, defendant Alemañy-Noriega avers the employment terminations of plaintiffs were based on the application of Law 7.  As such, defendant Alemañy-Noriega claims it has been shown he did not discriminate for political reasons as to plaintiffs Rodríguez Ronda, Betances de Jesus and Rodríguez Rivera.

Moreover, defendant also submits plaintiffs' claim of violation to their due process rights is also unwarranted and adopts by reference the arguments at Docket No. 28, *i.e.* defendants' Motion for Judgment on the Pleadings. Nevertheless, the Opinion and Order issued by the Court as to this issue on the judgment of the pleadings provided that  there were specific, non-conclusory allegations in the complaint indicating that[5]:

(1) Defendant Alemañy-Noriega is affiliated with the NPP, while above plaintiffs are affiliated with the PDP (Docket No. 1 at ¶ 24);

(2) Alemañy-Noriega had ordered lists to be compiled of all personnel affiliated with the NPP, id. at ¶ 23, 27;

---

[5] Docket No. 42, p. 9.

Edwin Alvarez Estrada, et al., v. Wilfredo Alemañy-Noriega, et al
Civil No. 10-1065 (FAB/CVR)
Report and Recommendation
Page No. 10

(3) Plaintiffs were discharged, id. at ¶ 11; and

(4) Alemañy-Noriega used the lists of PDP employees to prepare a letter to the Human Resources Department for the purpose for of firing those employees, id. at ¶ 28. (See Docket No. 35 at 8-10).

The Court also stated that, from those factual allegations, combined with others stating that Alemañy-Noriega discussed the Law 7 terminations with other NPP-affiliated employees and harassed those employees who had been selected for termination, the complaint had created a facially plausible claim of political discrimination pursuant to 42 U.S.C. § 1983 against Alemañy-Noriega. (Docket No. 42, pp 9-10). *See* Ocasio-Hernández v. Fortuño-Burset, 2011 WL 1228768, at 10-16 (1ˢᵗ Cir. 2011).

Although a bare conclusory allegation of illegal intent by plaintiffs would be insufficient, there are particulars and, thus, sufficient indicia in this case from where a fact finder may draw a reasonable inference of intentional discrimination, for the illegal motive is pleaded by alleging specific, non-conclusory facts, not merely a generalized asseveration in the complaint.

The Opinion and Order on defendants' Judgment on the Pleadings (Docket No. 42, p. 10, footnote 3) also indicated the Supreme Court of Puerto Rico decision's approval of Law 7's abstract structure, does not necessarily preclude an action based on alleged discrimination in the actual application of that legislation, which is precisely plaintiffs' contention as the grounds for their claims of political discrimination. The uncontested issues of material fact submitted by defendant do not address the grounds that Law 7 was applied incorrectly, evidently so in the case of plaintiff Rodríguez Rivera. Neither is there

an uncontested issue submitted by defendant that there was no political animosity as to the other co-plaintiffs in their seniority status to sustain their lay offs on incorrect status.

Defendant Alemañy-Noriega has not submitted a sworn statement or affidavit denying that he prepared a list of those affiliates of an opposing party, that he commented on firing these individuals or that there was no political discrimination when the personnel to be laid off was assessed. Although credibility issues are not to be determined on summary judgment, in the absence of a response or opposition to defendant's statement of uncontested facts, had such statement been presented by defendant, it would had been uncontested.[6] Defendant Alemañy-Noriega has solely submitted facts related to following proceedings under Law 7 but not as to the proper application of Law 7 away from political considerations and beliefs. Mix motive remains an issue in this case. It is for a defendant to show, by a preponderance of the evidence, that he would have taken the same determination even if plaintiffs had not engaged in the protective conduct, political affiliation.

Questions of motive and intent are not appropriate for summary disposition. When state of mind of one of the parties is crucial to the outcome of the case, resort to summary judgment is vested with more than the usual difficulty. Stepanishchen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 928 (1st Cir. 1983). The Court of Appeals for the First Circuit has indicated consistently that determinations of motive and intent, particularly in discrimination cases, are questions better suited for the jury, "as proof is

---

[6]   At summary judgment stage the judge's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2511 (1986).

generally based on inferences that must be drawn, rather than on the proverbial 'smoking gun'." Rossy v. Roche Products Inc., 880 F.2d 621, 624 (1st Cir. 1989); *see* Petitti v. New England Tel. & Tel. Co., 909 F.2d 28, 34 (1st Cir. 1990).

Insofar as plaintiff Rodríguez Rivera's claim, having been laid off by defendant under Law 7, even though her position was exempt from Law 7, defendant citation to a clarifying notice of exemption arose to light after she had resorted to arbitration and forced a review of her employment.   Because the inquiry in a Title VII case is whether defendant intentionally discriminated against plaintiff, and even defendant's contention as to Law 7 as applicable to plaintiff Rodríguez Rivera was mistaken, motive is a decisive factor on whether the incorrect and improper application of Law 7 as to this plaintiff was motivated by a discriminatory animus.

As to co-plaintiffs  Rodríguez Ronda and Betances de Jesus, defendant Alemañy-Noriega has not rebutted or submitted as uncontested a reasonable inference that is drawn in the light most favorable to the non-moving party, regardless of the lack of a response or opposition to summary judgment.  Alemañy-Noriega has not denied that: he is affiliated with the NPP, while above plaintiffs are affiliated with the PDP or he lacked knowledge as to plaintiffs' political affiliation; he had ordered lists to be compiled of all personnel affiliated with the NPP; plaintiffs were discharged shortly thereafter and; he used the lists of PDP employees to prepare a letter to the Human Resources Department for the purpose for of firing those employees.[7]  From these events an inference of discriminatory animus,

---

[7] A fact finder's disbelief of the reasons put forward by defendant, particularly if disbelief is accompanied by a suspicion of mendacity, may together with the elements of a prima facie case, suffice to show intentional discrimination. As such, rejection of defendant's proffered reason will permit the trier of fact to infer the ultimate fact of intentional

one that does not merely rest on conclusory allegations, improbable inferences or unsupported speculation,[8] but rather on intent on defendant's improper application of Law 7 and the resulting lay offs of plaintiffs,  remain to be elucidated by the trier of facts.[9]

## CONCLUSION

In view of the above discussed, it is recommended the "Motion for Summary Judgment " as to the defendant Alemañy-Noriega be DENIED.  (Docket No. 36).

IT IS SO RECOMMENDED.

The parties have fourteen (14) days to file any objections to this report and recommendation.  Amended Fed. R. Crim P. 59 (b)(2).  *See also* Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order.  Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).  *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

San Juan, Puerto Rico, this 4th day of August of 2011.

s/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE

---

discrimination, and, ... upon such rejection, no additional proof of discrimination is required.  St. Mary's Honor Center v. Hicks, 509 U.S. 502, 511, 113 S.Ct. 2742 (1993).

[8]  *See* Benoit v. Tech. Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003); *see also* Vives v. Fajardo, 472 F.3d 19, 21 (1st Cir. 2007).

[9]  A trial court may insist that t he plaintiff put forward specific, nonconclusory factual allegations that establish improper motive causing cognizable injury in order to survive a prediscovery motion for dismissal or summary judgment. Crawford-El v. Britton, 523 U.S. 574, 595-596, 118 S.Ct. 1584, 1595 (1998).