```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| EDWIN ALVAREZ ESTRADA, *et al.*, <br><br>   **Plaintiffs,** <br><br>                  v. <br><br> WILFREDO  ALEMAÑY-NORIEGA, *et al.*, <br><br>   **Defendants.** | **CIVIL NO.** 10-1065 (FAB) |

## OPINION AND ORDER

BESOSA, District Judge.

Before the Court is defendants' motion for summary judgment (Docket No. 36), and the report and recommendation (Docket No. 49), regarding that motion. After making an independent examination of the record in this case and considering the arguments raised in the only remaining defendant's objection to the report and recommendation, the Court **ADOPTS** the magistrate judge's findings and recommendations as the opinion of the Court and **DENIES** the motion for summary judgment (Docket No. 36).

### DISCUSSION

**I.   BACKGROUND**

   **A.   Procedural Background**

      On January 28, 2010, plaintiffs Edwin Alvarez-Estrada ("Alvarez"), Luis Ayala-Quintana ("Ayala"), Gisel Betances-de Jesus

Civil No. 10-1065 (FAB)                                                2

("Betances"), Luis Ramos-Rodriguez ("Ramos"), Jose Rodriguez-Ronda ("Rodriguez-Ronda"), Rey Torres-Echevarria ("Torres"), Zulma Vazquez-Toro ("Vazquez"), and Antonia Rodriguez-Rivera ("Rodriguez-Rivera") filed a complaint alleging claims of political discrimination pursuant to 42 U.S.C. § 1983 ("section 1983"). (Docket No. 1.)  The complaint names several Puerto Rico government officials as defendants, including Wilfredo Alemañy-Noriega ("Alemañy"), Mayra Lopez-Carrero ("Lopez"), Yanitsia Irizarry-Mendez ("Irizarry"), Esteban Perez-Ubieta ("Perez"), and Wilfredo Maldonado ("Maldonado").  Id.

On April 8, 2011, defendants filed a motion for judgment on the pleadings, arguing that the complaint lacks sufficient factual allegations to "state a *prima facie* case of political discrimination under the First Amendment."  (Docket No. 28.) Plaintiffs filed no opposition to that motion.  Pursuant to a referral order issued by the Court, Magistrate Judge Camille Velez-Rive filed a report and recommendation with regard to the motion for judgment on the pleadings on May 25, 2011.  (See Docket Nos. 16 & 35.)  Magistrate Judge Velez-Rive recommended that the motion be granted in part and denied in part, finding dismissal appropriate only with regard to the claims brought by Alvarez, Ayala, Vazquez, Torres, and Ramos.  (Docket No. 35.)  With regard to the remaining

Civil No. 10-1065 (FAB)                                                    3

plaintiffs,[1] Magistrate Judge Velez-Rive found that the complaint contained specific factual allegations which would allow their political discrimination claims to survive defendants' motion. Id. at 9-10.  On June 8, 2011, the Court adopted in part and rejected in part the magistrate judge's conclusions.  (Docket No. 42.) Specifically, the Court rejected only the magistrate judge's conclusions that the remaining plaintiffs had properly alleged claims against all defendants. Id.  Given the factual allegations in the complaint, the Court further narrowed the remaining plaintiffs' claims, dismissing all but the remaining plaintiffs' political discrimination claims against Alemañy. Id.

Prior to the Court's ruling on the motion for judgment on the pleadings, defendants filed a motion for summary judgment arguing that even if plaintiffs could establish a *prima facie* case of political discrimination, those claims would be defeated by the application of the affirmative defense outlined in Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 287 (1977).  Pursuant to the referral order in this case, the magistrate judge issued a report and recommendation concluding that, at the summary judgment stage of the proceedings, defendants

---

[1] The remaining plaintiffs are Gisel Betances-de Jesus, Jose Rodriguez-Ronda and Antonia Rodriguez-Rivera.

Civil No. 10-1065 (FAB)                                                  4

had failed to establish the Mt. Healthy defense and, consequently, their dispositive motion should be denied.  (Docket No. 49.)  On August 16, 2011, Alemañy, the only remaining defendant in the wake of the Court's ruling on the motion for judgment on the pleadings, filed an objection to the report and recommendation, arguing that the magistrate judge had not properly applied the relevant legal standard.  (See Docket No. 50.)

> **B.  Factual Background**

Given plaintiff's lack of opposition to the motion for summary judgment, the magistrate judge accepted the factual assertions contained in defendants' statement of uncontested facts as admitted.  (See Docket No. 49.)  Despite certain defects present in the factual background developed by defendants, which are discussed in further detail below, the Court will repeat the factual findings of the magistrate judge for the purposes of establishing context.

On July 31, 2008, Rodriguez-Ronda was appointed in a probationary position as Office Clerk I, to the Department of the Family's "Administracion de Desarrollo Socio-economico de la Familia" ("ADSEF").  (Docket No. 49 at 5.)  On April 23, 2009, Rodriguez-Ronda was notified that his total seniority in employment as Office Clerk I was seven months and six days.  Id.  Although the

Civil No. 10-1065 (FAB)                                                5

letter also notified Rodriguez-Ronda of his right to contest that seniority determination, he did not seek to do so. Id. On May 29, 2009, a letter notified Rodriguez-Ronda that, under the auspices of Law 7, he would be laid off on July 10, 2009, from the position classified as Office Clerk I. Id.

On July 18, 2008, Betances was appointed to a probationary position as Assistant of Office System I to the Department of the Family in ADSEF. Id. at 6. On April 23, 2009, Betances received a letter similar to that sent to Rodriguez-Ronda stating that her total seniority in the employment was seven months and nineteen days pursuant to Law 7. Id. Although the letter also notified Betances of her right to contest that seniority determination, she did not seek to do so. Id. On May 29, 2009, Betances received a letter notifying her that, under the auspices of Law 7, she would be laid off on July 10, 2009 from her position. Id.

On September 4, 2009, Rodriguez-Rivera was laid off pursuant to Law 7 from her position as Assistant of Services in the Department of the Family, Administration of Families and Children ("ADFAN" by its Spanish acronym). Id. On October 18, 2010, an arbitrator issued an award ordering the reinstatement of Rodriguez-Rivera to the position of Assistant of Services because, after

Civil No. 10-1065 (FAB)                                                6

Rodriguez-Rivera's dismissal, the Executive Director of the "Junta de Reestructuracion y Estabilizacion Fiscal" ("JREF") sent a letter to the ADFAN Administrator notifying her that Rodriguez-Rivera's position was excluded from the application of Law 7.  Id.  The arbitration award also ordered the back-payment of Rodriguez-Rivera's salary and benefits from the time of her dismissal.  Id. at 6-7.  Rodriguez-Rivera was reinstated to her former position on November 16, 2010.  Id. at 7.

## II.  Legal Analysis

### A.  Standard under 28 U.S.C. § 636(b)(1)

A district court may refer, *inter alia*, "a motion . . . for summary judgment" to a magistrate judge for report and recommendation.  See 28 U.S.C. §636(b)(1)(A)-(B); Fed.R.Civ.P. 72(b); Loc. Rule 72(a)(4).  Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report.  See 28 U.S.C. §636(b)(1).  A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made."  Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)).  Failure to comply with this

Civil No. 10-1065 (FAB)                                                7

rule precludes further review.  See Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).  In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636 (a)(b)(1).  Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985); Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp. 2d 144, 146 (D.P.R. 2003). Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object.  See Hernandez-Mejias, 428 F.Supp. 2d at 6 (citing Lacedra, 334 F.Supp. 2d at 125-126).

    **B.**    **Summary Judgment Standard**

    The Court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure.  The rule states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c); see also Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000). The party moving for summary judgment bears the burden of showing

Civil No. 10-1065 (FAB)                                                 8
_____

the absence of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once a properly supported motion has been presented, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the Court's denial of the motion for summary judgment.  For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute.  See Suarez v. Pueblo Int'l., Inc., 229 F.3d 49, 53 (1st Cir. 2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine."  Material means that a contested fact has the potential to change the outcome of the suit under governing law.  The issue is genuine when a reasonable jury could return a verdict for the nonmoving party based on the evidence.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  It is well settled that "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment.  Id. at 252.  It is therefore necessary that "a party opposing summary judgment must present definite, competent evidence

Civil No. 10-1065 (FAB)                                                 9

to rebut the motion." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994).

In making this assessment, the Court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). The court may safely ignore, however, "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

    C.    **Political Discrimination Claims under Section 1983**

"Government officials are forbidden by the First Amendment from taking adverse action against public employees on the basis of political affiliation, unless political loyalty is an appropriate requirement of the employment." Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 13 (1st Cir. 2011). Public employees subjected to such adverse action may seek to vindicate violation of their First Amendment right to political affiliation through a civil action pursuant to section 1983. See id. "To prevail on a claim of political discrimination, a public employee must at a minimum show that she engaged in constitutionally-protected conduct and that this conduct was a substantial factor in the adverse

Civil No. 10-1065 (FAB)                                                10

employment decision." Carrasquillo v. Commonwealth of Puerto Rico, 494 F.3d 1, 4 (1st Cir. 2007). In order to make that showing and establish a *prima facie* case of political discrimination, a plaintiff must demonstrate: "(1) that the plaintiff and defendant have opposing political affiliations, (2) that the defendant is aware of the plaintiff's affiliation, (3) that an adverse employment action occurred, and (4) that political affiliation was a substantial factor for the adverse employment action." Ocasio-Hernandez, 640 F.3d at 13 (citing Lamboy-Ortiz v. Ortiz-Velez, 630 F.3d 228, 239 (1st Cir. 2010)).

Once a plaintiff satisfies those elements, the defendant may attempt to establish the affirmative defense outlined in Mt. Healthy, 429 U.S. at 287. "A defendant seeking the protection of the Mt. Healthy defense bears the burden of persuasion 'to prove by a preponderance of the evidence that the adverse employment action would have been taken'" regardless of a plaintiff's political affiliation. See Rodriguez-Garcia v. Miranda-Marin, 610 F.3d 756, 767 (1st Cir. 2010) (quoting Guilloty Perez v. Pierluisi, 339 F.3d 43, 56 (1st Cir. 2003)). "Thus, even if the defendant's actions were motivated in part by the plaintiff's protected conduct, the defendant can still prevail if he or she can show that the protected conduct was not the 'but-for' cause of the adverse

Civil No. 10-1065 (FAB)                                              11

action." Id. (citing Rodriguez-Marin v. Rivera-Gonzalez, 438 F.3d 72, 81 (1st Cir. 2006)).

**D.    Alemañy's Objections**

Whatever Alemañy's specific objections to the magistrate judge's reasoning regarding the application of the Mt. Healthy defense may be, it is clear that defendants failed to establish that defense at the summary judgment stage of the proceedings.[2] As a preliminary matter, none of the exhibits defendants submitted in conjunction with their motion for summary judgment are accompanied by authenticating affidavits, as is required for admissibility at the summary judgment stage.  See Aponte-Rosario v. Acevedo-Vila, 617 F.3d 1, 12 n.18 (1st Cir. 2010) (citing Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2000)).  Thus, the factual background developed by defendants regarding the Mt. Healthy defense is not properly supported for the purposes of summary judgment.

Even if all the information contained in the documents submitted by defendant were admissible at this stage of the

---

[2] Alemañy presents other arguments regarding plaintiffs' *prima facie* cases of employment discrimination in his objection to the report and recommendation. (Docket No. 50.)  Those arguments, however, were not included in the motion for summary judgment presented to the magistrate judge.  (See Docket No. 36 at 16-18.) Accordingly, the Court will limit its consideration of defendant's objections to those regarding the magistrate judge's analysis of the Mt. Healthy argument presented in the original motion for summary judgment.

Civil No. 10-1065 (FAB)                                                      12

proceedings, there would still be an inadequate factual basis to grant summary judgment based on the Mt. Healthy defense.  In order to establish that defense, defendants bear the burden "'to prove by a preponderance of the evidence that the adverse employment action would have been taken'" regardless of the plaintiffs' political affiliation.  See Rodriguez-Garcia, 610 F.3d at 767 (quoting Guilloty Perez, 339 F.3d at 56).  In their motion for summary judgment, defendants claim that the respective levels of seniority notified to plaintiffs in the letters submitted as exhibits were insufficient to escape the dismissals mandated by Law 7, but provide no indication, nor any factual support, as to what level of seniority was required to avoid the effect of that legislation. (See Docket No. 36.)  The documents submitted in support of defendants' motion, at most, show that Law 7 was the reason proffered for plaintiffs' dismissal in this case at the time of their termination.  (See Docket No. 43-1.) Defendants submitted no exhibits regarding the actual application of Law 7 in the particular circumstances of each plaintiff that would allow a factfinder to evaluate and conclude properly that the decision to terminate plaintiffs' employment would have been taken regardless of their political affiliation.  See id.

Civil No. 10-1065 (FAB)                                                      13

       Defendants' failure to develop the factual background underlying their affirmative defense fully is especially magnified where they request summary judgment, which would require a factual background sufficiently settled to allow the Court to grant judgment in their favor as a matter of law.  Although Alemañy may potentially present sufficient evidence at trial to allow the jury to find the application of the Mt. Healthy defense appropriate in this case, defendants' motion fails to establish the absence of genuine issues of material fact regarding that affirmative defense necessary to dispose of this case summarily.  Accordingly, the magistrate judge's recommendations regarding plaintiffs' remaining political discrimination claims are **ADOPTED** and defendants' motion for summary judgment is **DENIED.**

### III. Conclusion

    The Court has considered Alemañy's objections and made an independent examination of the record in this case.  Having done so, the magistrate judge's recommendations are **ADOPTED.** Accordingly, defendants' motion for summary judgment, (Docket No. 36), is **DENIED.**

Civil No. 10-1065 (FAB)                                                    14

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 30, 2011.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE